Electronically Filed by Superior Court of California, County of Orange, 10/12/2021 11:19:32 AM
30-2021-01225701-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Sarah Loose, Deputy Clerk.
Case 8:21-cv-01953-CJC-JC Document 1-1 Filed 11/29/21 Page 1 of 40 Page ID #:6

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LEXOR MANUFACTURING, LLC, a California Limited Liability Company; (See attached Additional Parties Attachment form)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOHNNY TRUONG, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene **30 DÍAS DE CALENDARIO** después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Orange County Superior Court | **CASE NUMBER:**<br>*(Número del Ca):* 30-2021-01225701-CU-WT-CJC |
|---|---|

Central Justice Center
700 Civic Center Drive West, Santa Ana, California 92701

Judge Derek W. Hunt

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Chantal Payton, Esq., 3807 W. Sierra Highway, Suite 206, Acton, CA 93510, Tel: (661) 434-1144

| DATE: 10/12/2021 DAVID H. YAMASAKI, Clerk of the Court | | , Deputy<br>*(Adjunto)* |
|---|---|---|

By Sarah Loose, Deputy Clerk

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)　　　☐ CCP 416.60 (minor)
   　　　 ☐ CCP 416.20 (defunct corporation)　☐ CCP 416.70 (conservatee)
   　　　 ☐ CCP 416.40 (association or partnership)　☐ CCP 416.90 (authorized person)

   　　　 ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Johnny Truong vs. Lexor Manufacturing, LLC | 30-2021-01225701-CU-WT-CJC |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

DOES 1-10, business entities, forms unknown; DOES 11-20, individuals; and DOES 21-30, inclusive,

Page ___1___ of ___1___

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

## ADDITIONAL PARTIES ATTACHMENT
### Attachment to Summons

Electronically Filed by Superior Court of California, County of Orange, 10/12/2021 11:19:32 AM.
30-2021-01225701-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Sarah Loose, Deputy Clerk.

Case 8:21-cv-01953-CJC-JC Document 1-1 Filed 11/29/21 Page 3 of 40 Page ID #:8

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>PAYTON EMPLOYMENT LAW, PC<br>Chantal McCoy Payton, Esq. (SBN: 293215)<br>3807 W. Sierra Highway, Suite 206<br>Acton, California 93510<br>TELEPHONE NO.: (661) 434-1144   FAX NO.: (661) 434-1144<br>ATTORNEY FOR *(Name):* Plaintiff Johnny Truong | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Johnny Truong vs. Lexor Manufacturing, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 30-2021-01225701-CU-WT-CJC |
| | | | | JUDGE: Judge Derek W. Hunt |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 15 (Fifteen)
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 12, 2021

Chantal McCoy Payton, Esq.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
    or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

30-2021... Case 8:21-cv-01953-CJC-JC Document 1-1 Filed 11/29/21 Page 5 of 40 Page ID #:10

Electronically Filed by Superior Court of California, County of Orange, 10/12/2021 11:19:32 AM.

**PAYTON EMPLOYMENT LAW, PC**
CHANTAL MCCOY PAYTON, ESQ. (SBN: 293215)
CPayton@PaytonEmploymentLaw.com
3807 W. Sierra Highway, Suite 206
Acton, California 93510
Telephone: (661) 434-1144
Facsimile: (661) 434-1144

**EMPLOYMENT RIGHTS LAW FIRM**
PAYAM AFRAMIAN, ESQ. (SBN: 299345)
700 S. Flower Street, Suite 1000
Los Angeles, California 90017
Telephone: (424) 444-1464
Info@EmploymentRightsLawFirm.com

Attorneys for Plaintiff,
JOHNNY TRUONG

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| JOHNNY TRUONG, an individual, | Assigned for All Purposes  Judge Derek W. Hunt |
| Plaintiff, | Case No.: 30-2021-01225701-CU-WT-CJC |
| v. | **Plaintiff's Complaint For:** |
| LEXOR MANUFACTURING, LLC, a California Limited Liability Company; DOES 1-10, business entities, forms unknown; DOES 11-20, individuals; and DOES 21-30, inclusive, | 1. **Retaliation for Requesting Covid-19 Sick Leave (EPSLA, FFCRA section 5102(a), 5104);** |
| Defendants. | 2. **Retaliation in Violation of Labor Code Sections § 233, 234, 246.5;** |
| | 3. **Wrongful Termination in Violation of Public Policy;** |
| | 4. **Failure to Reimburse Required Business Expenses (L.C. § 2802 and Wage Order 4)** |
| | 5. **Failure to Pay Minimum Wages (L.C. §§ 1194, 1197, 1197.1 and Wage Order 4);** |
| | 6. **Liquidated Damages for Failure to Pay Minimum Wages (L.C. § 1194.2);** |
| | 7. **Failure to Provide Meal Breaks (L.C. §§ 226.7, 512, and Wage Order 4);** |
| | 8. **Failure to Provide Rest Breaks (L.C. § 226.7, and Wage Order 4);** |
| | 9. **Failure to Pay Overtime and Double-time Wages (L.C. §§ 204, 510, 1194, and Wage Order 4);** |
| | 10. **Failure to Provide Compliant Wage Statements (L.C. § 226 and Wage Order 4);** |

**PAYTON EMPLOYMENT LAW, PC**
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON CA 93510

11. Waiting Time Penalties (L.C. §§ 201 and 203);
12. Failure to Permit Inspection of Employee Records in Violation of L.C. § 226 (b);
13. Failure to Timely Provide Copies of Employment Instruments (Labor Code § 432 and Bus. & Prof. Code §§ 17200, et. seq.);
14. Failure to Timely Permit Inspection of Employee Records (Labor Code § 1198.5); and
15. Unfair Business Practices (Bus. & Prof. Code §§ 17200, et seq.).

**[DEMAND FOR JURY TRIAL]**

**PAYTON EMPLOYMENT LAW, PC**
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON CA 93510

1.    Plaintiff, Johnny Truong (hereinafter "Plaintiff,, or "Mr. Truong,,) files this Complaint against his former employer, Defendant, LEXOR MANUFACTURING, LLC, a California Limited Liability Company and DOE Defendants 1 through 30, inclusive (collectively "Employer Defendants,,). Plaintiff is informed and believes, and based thereon alleges, unless otherwise indicated, as follows:

2.    Plaintiff brings this action against Defendants for Retaliation for Requesting Covid-19 Sick Leave (EPSLA, FFCRA section 5102(a), 5104), Retaliation in Violation of Labor Code Sections § 233, 234, 246.5, Wrongful Termination in Violation of Public Policy, general and special damages, statutory damages and penalties, punitive damages, prejudgment interest, costs, attorneys' fees, and other appropriate relief for Defendants' unlawful conduct.

## I.    PARTIES, JURISDICTION, AND VENUE

3.    Plaintiff, Johnny Truong (hereinafter "Plaintiff,, or "Mr. Truong,,) is an individual who, at all times relevant to this action, resided in the County of Orange, State of California.

4.    Plaintiff is informed, believes and thereupon alleges that Defendant, Lexor Manufacturing, LLC, (hereinafter referred to as "Lexor,,), is now, and was at all times mentioned in this Complaint, a California Limited Liability Company doing business in the State of California, and was Plaintiff's employer at all times relevant herein.

5.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants sued herein under fictitious names Does 1 through 30, inclusive, and for that reason sues said Defendants, and each of them, by such fictitious names. Plaintiff is informed, believes, and thereupon alleges that each of the Defendant Does 1 through 30, inclusive, is and was in some manner responsible for, participated in, or contributed to the matters and things of which Plaintiff complains herein, and in some fashion, has legal responsibility therefore. When Plaintiff ascertains the names and capacities of the fictitiously named Defendants, DOE 1 through 30, inclusive, Plaintiff will seek leave to amend this Complaint to set forth such facts.

6.    Plaintiff is informed, believes, and there upon alleges that each Defendant is, and at all times relevant herein was, the agent of his, her, or its co-Defendants, and in committing the acts alleged herein, was acting within the scope of his, her, or its authority as such agent, and with the knowledge, permission, and consent of his, her, or its co-Defendants.

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON CA 93510

1

**PLAINTIFF JOHNNY TRUONG'S COMPLAINT**

7.     Venue is proper in the Superior Court of California, County of Orange, as this Court has personal jurisdiction over Defendants pursuant to Code of Civil Procedure § 395.  Plaintiff worked in and violations occurred in Orange County, and the contract of employment was formed in Orange County.

**II.     FACTUAL ALLEGATIONS**

    **a.    Background**

8.     Defendant hired Mr. Truong on or around December 9, 2019, as a customer service supervisor. Mr. Truong was hired at an hourly wage of $14.00 per hour.  Ninety (90) days into his employment, after completing a probationary period, Defendant increased his rate to $18.00 per hour. Primarily, Mr. Truong was responsible for managing the customer service team, creating schedules for the team employees and resolving disputes involving team members and customers. Mr. Truong was responsible for supervising 6 employees. Starting in March 2021, Mr. Truong received a raised and began earning $18.54 per hour.

    **b.    Retaliation**

9.     On May 21, 2021, Mr. Truong was scheduled to receive his second dose of the Covid-19 vaccine and made that known to Defendant's management team in advance. Mr. Truong suffered harsh side effects as a direct result of the vaccine, including severe muscle pain, which is not an uncommon symptom attendant to the second dose of the vaccine. Mr. Truong was forced to request a leave of absence for two days to recover from the side effects of the vaccine.

10.    Plaintiff Mr. Truong spoke to the HR manager the day before he commenced his leave of absence and notified her of the possibility that he may need additional time off due to the side effects from the vaccine. During the conversation with the HR manager, Plaintiff Mr. Truong was never requested to provide any doctors note or documentation concerning his need for time off.

11.    Mr. Truong was highly communicative with Defendant's management team and immediately notified them of his severe side effects and his need for time off, via both text and email, multiple times. He texted Mr. Hanson Truong, Defendant's Chief Operating Officer, on May 21, stating "Can I be off today? My entire body muscles is in pain.„ Mr. Hanson Truong never responded.

12.    He returned to work on Monday, May 24, 2021, and worked for two hours before being called

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON CA 93510

1  into the Human Resources office, where he was promptly terminated from his employment. Defendant

2  failed to provide Mr. Truong with any articulable reason for his termination that day, either verbally or

3  in writing, although Defendant later claimed he was terminated for his "poor performance.,, This claim

4  is wholly unsubstantiated and clearly pretextual, as Mr. Truong had absolutely no history of write-ups,

5  warnings, or discipline. Furthermore, Mr. Truong had been awarded a raise in March, only two months

6  before his termination.

7  13.      Finally, while Mr. Truong was terminated on May 24, the termination paperwork was dated

8  May 21, the exact same day that Mr. Truong had asked for and commenced sick leave that was

9  undoubtedly protected under both the Federal Emergency Paid Sick Leave Act (per 29 USC 2601,

10  FFCRA section 5102(a), 5104) and the California Sick Pay laws (per Labor Code sections 233, 234,

11  246.5, and 248.2). Mr. Truong's termination was in clear retaliation for commencing legally protected

12  sick leave.

13          **c.  Labor Code Violations**

14  14.      Throughout his employment, Mr. Truong received customer calls during all hours of the day.

15  Mr. Truong worked approximately 30 minutes off-the-clock each day he worked. Defendant did not

16  compensate Mr. Truong for these hours worked off-the-clock.

17  15.      Furthermore, Defendant denied Mr. Truong his legally mandated thirty-minute meal periods at

18  least three times per week. Mr. Truong was unable to take legally compliant meal periods because

19  Defendant was short-staffed and there was no opportunity for Mr. Truong to be relieved from his duties.

20  16.      In the paycheck given to him upon his termination, Mr. Truong was only paid for two hours of

21  work for May 24, 2021, even though he was scheduled to work eight hours that day. Furthermore, the

22  paycheck did not include compensation for Mr. Truong's work off-the-clock, nor his missed meal

23  periods.

24  17.      Finally, Mr. Truong used his personal cell phone for Defendant's benefit when he received

25  customer calls off-the-clock. Defendant did not reimburse Mr. Truong for the use of his personal cell

26  phone.

27          **d.  Failure to Produce Employee Records**

28  On or about August 18, 2021, Plaintiff Johnny Truong, through his attorneys sent via certified

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON CA 93510

3
**PLAINTIFF JOHNNY TRUONG'S COMPLAINT**

1  mail/return receipt, a written request for copies of all personnel, payroll, benefits and other records

2  related to his employment with Defendant pursuant to Labor Code Sections 226 (b), 432, and 1198.5.

3  The letter was received by Defendant shortly thereafter.  To date, neither Plaintiff nor his counsel have

4  received any of the requested records from Defendant or its counsel.

5  **III.**   **CAUSES OF ACTION**

6  **FIRST CAUSE OF ACTION**

7  **RETALIATION FOR REQUESTING COVID-19 SICK LEAVE**

8  **EPSLA (Emergency Paid Sick Leave Act) 29 USC 2601, FFCRA section 5102(a), 5104**

9  **(Against Employer Defendants)**

10  18.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set

11  forth herein.

12  19.    The EPSLA requires employers to provide paid sick leave to employees who are unable to

13  work where the employee (1) is subject to a Federal, State, or local quarantine or isolation order

14  related to COVID-19; (2) has been advised by a health care provider to self-quarantine due to

15  concerns related to COVID-19; (3) is experiencing symptoms of COVID-19 and is seeking a medical

16  diagnosis. FFCRA § 5102(a).

17  20.    The EPSLA was effective from April 2, 2020 through December 31, 2020 and applied to

18  Lexor Manufacturing, LLC at all relevant times discussed herein.

19  21.    "The EPSLA prohibits employers from discharging, disciplining, or in any other manner

20  discriminating against an employee who takes paid sick leave under the EPSLA, files any complaint

21  under or relating to the EPSLA, institutes any proceeding under or relating to the EPSLA, or testifies

22  in any such proceeding. See FFCRA section 5104, as amended by CARES Act section 3611(8).

23  Employers who violate this prohibition are considered to have violated section 15(a)(3) of the FLSA,

24  and are subject to the penalties described in sections 216 and 217 of the FLSA. 29 U.S.C. 215(a)(3),

25  216, 217.,, 29 CFR 826.

26  22.    "An employer may not require, as a condition of providing paid sick time under this Act, that

27  the employee involved search for or find a replacement employee to cover the hours during which the

28  employee is using paid sick time.,, FFCRA § 5102(d)

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON CA 93510

4

23.     "It shall be unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who takes leave in accordance with this Act[.]., FFCRA 5104.

24.     At all times Defendant Lexor Manufacturing, LLC was subject to the FFCRA and the EPSLA. As discussed herein, Plaintiff acquired a COVID-19 vaccine and required leave to recover. Plaintiff was eligible for and requested leave to recover from symptoms of COVID-19 and while subject to the California and Orange County public health isolation orders.

25.     Defendant Lexor Manufacturing, LLC failed to provide the full protected leave. Defendant Lexor Manufacturing, LLC interrupted what should have been paid leave and Plaintiff was terminated in retaliation for taking a portion of Emergency Paid Sick Leave at all.

26.     Defendants are therefore liable for the retaliatory termination suffered by Plaintiff.

27.     Such actions have resulted in damages and injury to Plaintiff, including both general and special damages in an amount to be proven at trial.

28.     As a direct and proximate result of said wrongful acts by Defendants, Plaintiff has suffered and will continue to suffer substantial losses in earnings and other employment benefits, along with other incidental and consequential damages and losses, all in an amount to be proven at the time of trial. Plaintiff's claims such amount as damages together with prejudgment interest.

29.     As direct and proximate result of Defendants' wrongful acts against Plaintiff, Plaintiff has suffered and will continue to suffer emotional and physical distress, humiliation, shame, despair, embarrassment, depression, physical and mental pain and suffering and anguish, loss of earnings, future loss of earnings, loss of status and future status, loss of other employment benefits and job opportunities all to their damage in a sum to be established according to proof.

30.     Plaintiff is entitled to general and compensatory damages in amounts in excess of the jurisdictional limits of this court, according to proof at trial.

31.     Plaintiff is also entitled to liquidated damages in an amount equal to his total damages for a statutory violation of the FLSA §15(a).

32.     Plaintiff is also entitled to attorney's fees and costs for Defendants' violation of the FFCRA pursuant to the FLSA.

///

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON CA 93510

**SECOND CAUSE OF ACTION**

**RETALIATION**

**LABOR CODE § 233, 234, 246.5**

**(Against All Defendants)**

33.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

34.     At all times herein mentioned, Cal. Labor Code sections 233, 234 and 246.5 were in effect and binding on defendants.

35.     Cal. Labor Code § 233, requires an employer to allow an employee to use accrued and "available,, sick leave for purposes specified in the paid sick leave law.

36.     Cal. Labor Code § 234 provides that an employer absence control policy that counts sick leave taken pursuant to Cal. Lab. Code § 233 as an absence that may lead to or result in discipline, discharge, demotion, or suspension is a *per se* violation of § 233.

37.     Cal. Labor Code § 246.5 sets forth the conditions by which an employer in California must provide paid sick days to its employees.

38.     Cal. Labor Code § 248.2(b)(1)(D) provides that a covered employee is entitled to COVID-19 supplemental paid sick leave if they are experiencing symptoms related to a COVID-19 vaccine that prevent the employee from being able to work or telework.

39.     Cal. Labor Code § 246.5 prohibits an employer from retaliating against any employee for using his or her accrued sick days.

40.     As a direct and proximate result of Defendants' wrongful termination of Plaintiff's employment, Mr. Truong suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

41.     As a further direct and proximate result of Defendants wrongful termination of his employment, plaintiff suffered humiliation, emotional distress and mental anguish, all to his damage in an amount according to proof at trial.

42.     In doing the acts herein alleged, Defendants acted with oppression, fraud, malice and in conscious disregard to Plaintiff's rights and he is therefore entitled to punitive damages in an amount

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON CA 93510

1  according to proof at trial.

2  43.    Plaintiff has incurred and continues to incur attorneys' fees and costs in an amount according

3  to proof at trial.

4  **THIRD CAUSE OF ACTION**

5  **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

6  **(Against All Defendants)**

7  44.    Plaintiff realleges and incorporates herein by reference each and every allegation already

8  made, inclusive, though set forth in full.

9  45.    The termination of Plaintiff's employment by Defendants violated the fundamental public

10  policies of the California Labor Code, which, among other things, prohibits retaliation against an

11  employee based on his or her reasonable belief that they have been subject to an unlawful act, or

12  based on his or her reasonable belief that they report unlawful actions engaged in by Defendants.

13  46.    It is a fundamental public policy of California to provide protected leave for those who

14  contract debilitating illnesses on the job during a public health emergency as identified in California

15  Executive Order N-62-20. There are a variety of leave laws that apply and in their totality provide a

16  comprehensive California public policy against the perpetuation of the COVID-19 public health

17  emergency through isolating individuals out of the workforce while they pose a potential harm to the

18  public and while they are incapable of working due to their own illness.

19  47.    Plaintiff was entitled to protected Worker's Compensation disability leave for receiving the

20  COVID-19 vaccine.

21  48.    Plaintiff was also entitled to supplemental paid sick leave due to symptoms secondary to the

22  COVID-19 vaccine that prevented him from being able to work or telework per Cal. Labor § 248.2 et

23  seq.

24  49.    If any employer fails to secure the payment of compensation, any injured employee or his

25  dependents may bring an action at law against such employer for damages, as if this [Workers

26  Compensation Board] did not apply. Based on information and belief, Lexor Manufacturing, LLC

27  failed to secure the payment of compensation as required under the California Worker's

28  Compensation system and is a private uninsured employer.

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON CA 93510

**PLAINTIFF JOHNNY TRUONG'S COMPLAINT**

50.     Lexor Manufacturing, LLC knew that Plaintiff was receiving the COVID-19 vaccine and knowingly failed to provide Plaintiff with Worker's Compensation information, claim form, and benefits.

51.     Plaintiff was unable to work due to his reaction to the COVID 19 vaccine and required approximately two days to recover.

52.     Instead of providing the required Worker's Compensation claim form and protected leave through the establishes system, Lexor Manufacturing, LLC in effect denied Plaintiff disability leave for a workplace illness. Lexor Manufacturing, LLC terminated from his employment in retaliation for commencing that sick leave of absence for medical related reasons. Lexor Manufacturing, LLC failed to provide him with the protected work-free leave he was entitled to use based on the disability related to COVID-19 illness, recovery, medical treatment, and required isolation orders.

53.     Defendants failed to provide appropriately protected leave, and then retaliated against Plaintiff, upon his return for taking what little protected and impermissibly shortened leave he did, by terminating him.

54.     By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained.

55.     As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, humiliation, embarrassment, anxiety, and pain and suffering.  Plaintiff does not know at this time the exact duration or permanence of said injuries.

56.     Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

57.     As a result of Defendants' conduct as alleged herein, Plaintiff is entitled to reasonable

**8**
**PLAINTIFF JOHNNY TRUONG'S COMPLAINT**

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON CA 93510

1   attorneys' fees and costs of suit as provided in Section 1021.5 of the California Civil Procedure Code.

2   **FOURTH CAUSE OF ACTION**

3   **FAILURE TO REIMBURSE REQUIRED BUSINESS EXPENSES**

4   **LABOR CODE § 2802 AND WAGE ORDER 4 § 8**

5   **(Against All Defendants)**

6   58.     Plaintiff realleges and incorporates herein by reference each and every allegation already

7   made, inclusive, though set forth in full.

8   59.     Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all

9   necessary expenditures or losses incurred by the employee in direct consequence of the discharge of

10   his or her duties.,,

11   60.     Throughout his employment with Defendants, Plaintiff incurred various expenditures on behalf

12   of Defendants. Defendants failed to reimburse these expenditures incurred by Plaintiff in direct

13   consequence of the discharge of his duties or obedience to the directions of Defendants.

14   61.     In order to discharge his job duties for Defendants, Plaintiff has incurred reasonable and

15   necessary expenses in the course of completing his duties, which were not reimbursed by Defendants.

16   62.     Plaintiff is entitled to reimbursement for these necessary expenditures, plus interest and

17   attorneys' fee and costs, under Labor Code § 2802.

18   **FIFTH CAUSE OF ACTION**

19   **FAILURE TO PAY MINIMUM WAGES**

20   **LABOR CODE §§ 1194, 1197, AND 1197.1 AND WAGE ORDER 4**

21   **(Against All Defendants)**

22   63.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set

23   forth herein.

24   64.     As a pattern and practice, Defendants failed and refused to pay Plaintiff wages owed to him

25   pursuant to Wage Order 9-2001 § 4 by, *inter alia*, failing to compensate Plaintiff for time spent suffered

26   or permitted to work at the legal minimum wage level, and for all other hours worked, including for

27   meal periods that were not provided in an uninterrupted manner.

28   65.     Plaintiffs was paid less than the applicable minimum wage under the ordinance for each

**PAYTON EMPLOYMENT LAW, PC**
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON CA 93510

1    applicable year.

2    66.    Labor Code § 558.1 provides that "Any employer or other person acting on behalf of an

3    employer, who violates, or causes to be violated . . . [Labor Code §] 1194 . . . may be held liable as the

4    employer for such violation.,,

5    67.    As a result of Defendants' violations of Labor Code §§ 204, 1194, 1197, and Wage Order 4 for

6    failure to pay minimum wage, Plaintiff is entitled to recover unpaid minimum wage compensation and

7    interest thereon, plus attorneys' fees and costs, in an amount to be established according to proof at

8    trial.

9                                **SIXTH CAUSE OF ACTION**

10           **LIQUIDATED DAMAGES FOR FAILURE TO PAY MINIMUM WAGES**

11                                  **LABOR CODE § 1194.2**

12                                  **(Against All Defendants)**

13   68.    Plaintiff realleges and incorporates herein by reference each and every allegation already

14   made, inclusive, though set forth in full.

15   69.    Pursuant to Labor Code § 1194.2, in any action under Section 1194 to recover wages as a result

16   of payment less than the minimum wage fixed by an order of the commission or by statute, an employee

17   shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and

18   interest thereon.

19   70.    Plaintiff was not paid at least the minimum wage for all hours worked, as required by the Labor

20   Code and Wage Order 4 § 4.

21   71.    Plaintiff is entitled to recover liquidated damages in an amount equal to the minimum wages

22   unlawfully unpaid and interest thereon, plus attorneys' fees and costs, in an amount to be established

23   according to proof at trial.

24                                **SEVENTH CAUSE OF ACTION**

25        **FAILURE TO PROVIDE MEAL BREAKS IN VIOLATION OF WAGE ORDER 4 § 11 AND**

26                              **LABOR CODE §§ 226.7 AND 512**

27                                  **(Against All Defendants)**

28   72.    Plaintiff realleges and incorporates herein by reference each and every allegation already

**PAYTON EMPLOYMENT LAW, PC**
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON CA 93510

1  made, inclusive, though set forth in full.

2  73.    Pursuant to California Labor Code § 512, and Wage Order 4 § 11, no employer shall employ

3  any person for a work period of more than five (5) hours without a meal period of not less than 30

4  minutes.

5  74.    California Labor Code § 226.7 provides that an employer shall not require an employee to work

6  during a meal or rest period mandated pursuant to an applicable statute or order of the Industrial

7  Welfare Commission.

8  75.    Wage Order 4 § 11 and Labor Code § 226.7 each mandate that an employer shall pay the

9  employee one additional hour of pay at the employee's regular rate of compensation for each workday

10  that the meal period is not provided.

11  76.    Defendants did not provide Plaintiff with off duty meal periods on a number of workdays.

12  Additionally, meal periods were regularly interrupted or not commenced at all because Defendants

13  were short-staffed, and Plaintiff was therefore not relieved from his duties. Furthermore, Defendants

14  failed to compensate Plaintiff one hour of pay for each workday that a compliant meal period was not

15  provided.

16  77.    As a result of Defendants' conduct, Plaintiff has sustained economic damages, including but

17  not limited to unpaid wages and lost interest, in an amount to be established at trial, and Plaintiff is

18  entitled to recover economic and statutory damages and penalties and other appropriate relief from

19  Defendants' violations of the California Labor Code and IWC Wage Order 4.

20  ### EIGHTH CAUSE OF ACTION

21  **FAILURE TO PROVIDE REST BREAKS IN VIOLATION OF WAGE ORDER 4 § 12 AND**

22  **LABOR CODE § 226.7**

23  **(Against Employer Defendants)**

24  78.    Plaintiff realleges and incorporates herein by reference each and every allegation already

25  made, inclusive, though set forth in full.

26  79.    California Labor Code § 226.7 prohibits an employer from requiring an employee to work

27  during any rest period mandated by an applicable Industrial Wage Order.

28  80.    Pursuant to Wage Order 4 § 12, every employer shall authorize and permit all employees to

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON CA 93510

1   take rest periods at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

2   81.    If an employer fails to provide an employee with a rest period as required, the employer must

3   pay the employee one hour of pay at the employee's regular rate of compensation for each workday

4   that a rest period is not provided as required.

5   82.    Defendants failed to authorize or permit Plaintiff to take a rest period or periods on a number

6   of workdays by failing to have sufficient staff support such that Plaintiff could be temporarily relieved

7   of his duties. Furthermore, Defendants failed to compensate Plaintiff one hour of pay for each workday

8   that a compliant rest period was not provided.

9   83.    As a result of Defendants' conduct, Plaintiff has sustained economic damages, including but

10   not limited to unpaid wages and lost interest, in an amount to be established at trial, and Plaintiff is

11   entitled to recovery economic and statutory damage and penalties and other appropriate relief from

12   Defendants' violations of the California Labor Code and IWC Wage Order 4.

### NINTH CAUSE OF ACTION

### FAILURE TO PAY OVERTIME AND DOUBLE-TIME WAGES IN VIOLATION OF

### LABOR CODE §§ 204, 510, 1194, AND WAGE ORDER 4

#### (Against All Defendants)

17   84.    Plaintiff realleges and incorporates herein by reference each and every allegation already

18   made, inclusive, though set forth in full.

19   85.    California Labor Code § 510 et seq. and Wage Order 4 § 3 state that an employee must be paid

20   overtime. That rate is equal to one and one-half (1 ½) times the employee's regular rate of pay, for all

21   hours worked in excess of eight (8) hours in one workday and any work in excess of forty (40) hours

22   in any one workweek and the first eight (8) hours worked on the seventh day of work in any one

23   workweek.

24   86.    California Labor Code § 510 et seq. and Wage Order 4 § 3 also states that the rate for any work

25   in excess of twelve (12) hours in one day or in excess of eight (8) hours on the seventh day of work in

26   any one workweek shall be compensated at no less than twice the regular rate of pay for an employee.

27   87.    Plaintiff is entitled to bring a civil action to recover on claims involving failure to pay overtime

28   pursuant to Labor Code § 1194.

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON CA 93510

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON CA 93510

88.    On occasions where Plaintiff worked more than forty (40) hours per week and/or eight (8) hours per day, he was not paid all due overtime wages for such work as a result of Defendants' failure to accurately track and account for work performed and a failure to pay such work performed at the applicable rate.

89.    On occasions where Plaintiff worked more than twelve (12) hours in one day and/or in excess of eight (8) hours on the seventh day of work in a workweek, he was not paid twice the regular rate for such work as a result of Defendants' failure to accurately track and account for work performed and a failure to pay such work performed at the applicable rate.

90.    Defendants have failed and refused to pay correct overtime compensation to Plaintiff.

91.    Pursuant to California Labor Code § 1194, Plaintiff is entitled to recover unpaid overtime compensation, including interest thereon, plus attorneys' fees and costs, in an amount to be proven at trial.

## TENTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE AND ITEMIZED WAGE STATEMENTS

### LABOR CODE §§ 226 AND WAGE ORDER 4

### (Against all Defendants)

92.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

93.    Labor Code § 226 requires an employer to furnish its employees with an accurate itemized statement in writing showing, among other things, (1) gross wages earned, (2) total hours worked by each respective individual, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

94.    Therefore, pursuant to Labor Code § 226, Defendants were required to maintain accurate records pertaining to the total hours worked by Plaintiff, including, but not limited to, the total hours worked per pay period and applicable rates of pay.

95.    In violation of Labor Code § 226(a), Defendants did not furnish Plaintiff with accurate itemized statements in writing showing (1) the total hours worked, and/or (2) all applicable hourly rates in effect

1  during each respective pay period and the corresponding number of hours worked at each hourly rate.

2  96.     In violation of Labor Code § 226(a), Defendants did not maintain accurate records pertaining

3  to the total hours worked by Plaintiff, including the total daily hours worked, the total hours worked

4  per pay period, and applicable rates of pay.

5  97.     Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a).

6  98.     Labor Code § 558.1 provides that "Any employer or other person acting on behalf of an

7  employer, who violates, or causes to be violated . . . [Labor Code §] 226 . . . may be held liable as the

8  employer for such violation.,,

9  99.     Pursuant to Labor Code § 226(e), Plaintiff is entitled to penalties as follows:

10  a.      Fifty dollars ($50.00) for the initial pay period in which a violation occurs; and

11  b.      One hundred dollars ($100.00) for each violation in a subsequent pay period, not to exceed

12  $4,000.

13  100.    Pursuant to Labor Code § 226(h), Plaintiff is entitled to an award of costs and reasonable

14  attorneys' fees.

15                        **ELEVENTH CAUSE OF ACTION**

16  **FAILURE TO PAY WAGES PROMPTLY AFTER TERMINATION/WAITING TIME**

17              **PENALTIES UNDER LABOR CODE §§ 201 AND 203**

18                         **(Against All Defendants)**

19  101.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth

20  herein.

21  102.    California Labor Code § 201 requires employers to pay all compensation due and owing to a

22  discharged employee immediately upon termination.

23  103.    California Labor Code § 203 provides that if an employer willfully fails to pay compensation

24  promptly upon discharge, as required by Section 201, then the employer is liable for such "waiting

25  time,, penalties in the form of continued compensation up to thirty workdays.

26  104.    Defendants terminated the employment relationship with Plaintiff and failed to pay all of

27  Plaintiff's wages due promptly upon his termination as proscribed by Labor Code § 201. To date, the

28  Defendants have still not paid Plaintiff all earned wages.

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON CA 93510

105.    Plaintiff is informed and believes and based thereon alleges that the Defendants willfully failed to pay Plaintiff's wages pursuant to the requirements of Labor Code § 201, and therefore Plaintiff is entitled to recover unpaid wages, waiting-time penalties under Labor Code § 203, plus attorneys' fees and costs, in an amount to be proven at trial.

106.    Ass alleged above, Defendants knew or should have known of the additional time worked by Plaintiff when he received customer calls off-the-clock and failed to track and pay for such work.

107.    As such wages have still not been paid, Plaintiff is entitled to recover waiting time penalties in an amount equal to 30 days of wages at the proper daily rate.

## TWELVETH CAUSE OF ACTION

### FAILURE TO PERMIT INSPECTION OF EMPLOYEE RECORDS

### LABOR CODE § 226

#### (Against All Defendants)

108.    Plaintiff re-alleges and incorporate by reference the foregoing allegations as though fully set forth herein.

109.    Labor Code § 226(b) and (c) requires an employer to allow inspection and copying of pay statement records within 21 days of a written or oral request.  Section 226(f) and (h) further provide a $750 penalty payable to the employee for each violation and allows an employee to sue for injunctive relief and an award of attorneys' fees and costs.

110.    Defendant has failed and refused to comply with Labor Code § 226 by refusing to permit Plaintiff to inspect or copy records pertaining to their employment with Defendant.

111.    As a result of Defendant's unlawful acts, as described herein, Plaintiff is entitled to recover a civil penalty of 750 dollars, pursuant to Labor Code § 226(f).

112.    Furthermore, as permitted under Labor Code § 226(h), Plaintiff seeks an injunction compelling Defendant to permit them to inspect and/or copy all of the records maintained by Defendant pursuant to Labor Code § 226(a), along with an award of Plaintiff's reasonable attorneys' fees and costs.

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON CA 93510

**PAYTON EMPLOYMENT LAW, PC**
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON CA 93510

## THIRTEENTH CAUSE OF ACTION

### FAILURE TO PROVIDE COPIES OF EMPLOYMENT INSTRUMENTS

### (LABOR CODE § 432 AND BUS. & PROF. CODE §§ 17200, ET. SEQ.)

### (Against All Defendants)

113.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

114.    Labor Code § 432 requires an employer to provide an employee, upon request, a copy of any instrument signed by that employee in relation to obtaining or holding employment.

115.    Defendant has failed and refused to comply with Labor Code § 432.  Such conduct is unlawful and unfair within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*  On information and belief, such conduct, coupled with the above violations is reflective of an ongoing pattern and practice such that injunctive relief is warranted in order to compel Defendant to produce the subject documents.  Should the Court grant such an injunction, Plaintiff seeks an award of attorneys' fees for conferring a public benefit by prompting Defendant to change their practices or policies to comply with Labor Code § 432.  Plaintiff also seek attorneys' fees and costs without reference to Bus. & Prof. Code §§ 17200, *et seq.*, to the extent permitted by law.

## FOURTEENTH CAUSE OF ACTION

### FAILURE TO PERMIT INSPECTION OF EMPLOYEE RECORDS

### (Against All Defendants)

116.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

117.    Labor Code § 1198.5 requires an employer to allow inspection and copying of personnel records within 30 days of a written request.  The Section provides for a $750 penalty payable to the employee for failure to comply, and allows an employee to sue for injunctive relief and to obtain an award of costs and attorneys' fees.

118.    Defendant has failed and refused to comply with Labor Code § 1198.5 by refusing to permit Plaintiff to inspect or copy his personnel records within 30 days of Plaintiff's written request.

119.   As a result of Defendant's unlawful acts, as described herein, Plaintiff is entitled to recover a civil penalty of $750 dollars, pursuant to Labor Code § 1198.5(k), along with an award of Plaintiff's reasonable attorneys' fees and costs.

### FIFTEENTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES IN VIOLATON OF

### BUS. & PROF. CODE §§ 17200, ET SEQ.

### (Against All Defendants)

120.   Plaintiff realleges and incorporates herein by reference each and every allegation already made, inclusive, though set forth in full.

121.   Business and Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

122.   Business and Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property,, to prosecute a civil action for violation of the Unfair Competition Law.

123.   Defendants have committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Business and Professions Code § 17200, *et seq.* by failing to pay overtime wages, double-time wages, and minimum wages, to provide meal and rest breaks, and to reimburse required business expenses.

124.   The above-described unlawful actions of such Defendants constitute false, unfair, fraudulent and/or deceptive business practices, within the meaning of Business and Professions Code §§ 17200, *et seq.*

125.   Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.  Plaintiff brings this cause individually, as a member of the general public, and as a representative of all others subject to Defendants' unlawful acts and practices.

126.   As a result of their unlawful acts, such Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiff and the general public.

127.   Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiff the wrongfully withheld wages, pursuant to Business and Professions Code §

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON CA 93510

17200, *et seq.* Plaintiff is informed and believes, and thereupon alleges, Defendants are unjustly enriched as a result of their failure to pay overtime wages, double-time wages, and minimum to provide meal and rest breaks, to furnish timely and accurate wage statements.

128.    Plaintiff is informed and believes, and thereupon alleges, that Plaintiff is severely prejudiced by Defendants' unfair trade practice through loss of wages. Defendants unfairly benefitted from the unlawful practice of underpayment of wages by the lower operating labor costs as compared with competitors and provided additional profit or position to undercut market on service prices.

129.    As a direct and proximate result of the unfair business practices of Defendants, Plaintiff is entitled to equitable and injunctive relief, including full restitution, disgorgement, and/or specific performance of payment of all wages and pay that have been unlawfully withheld from Plaintiff, as a result of the business acts and practices described herein and enjoining Defendants to cease and desist from engaging in the practices described herein.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays as follows:

1.  For general and special damages according to proof at trial, including prejudgment interest thereon;

2.  For compensatory damages, inclusive of economic and emotional distress damages;

3.  For exemplary and punitive damages in an amount according to proof at trial;

4.  For Plaintiff's attorneys' fees and costs of suit incurred herein to the extent provided by contract, statute, or other law, including California Civil Procedure Code Section 1021.5;

5.  For liquidated damages in an amount equal to his total damages for a statutory violation of the FLSA §15(a) and relief under 29 U.S.C.216 & 217 as appropriate, including but not limited to costs and attorneys' fees;

6.  For an award of statutory damages as plead for failure to produce Plaintiff's employment records pursuant to Labor Code §§ 226 and § 1198.5;

7.  For costs of suit, including attorneys' fees under any applicable statutory or contractual basis, including California Labor Code §§ 226, 233, 234, 246.5, 248.5; and

PAYTON EMPLOYMENT LAW, PC
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON CA 93510

8.  For such other further relief as the court may deem necessary, just, or proper.

Dated: October 12, 2021

Respectfully submitted,

By:_____
Chantal McCoy Payton, Esq.
**PAYTON EMPLOYMENT LAW, PC**
Attorney for PLAINTIFF, JOHNNY TRUONG

## **DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands trial by jury of this action.

Respectfully submitted,

Dated: October 12, 2021

By:_____
Chantal McCoy Payton, Esq.
**PAYTON EMPLOYMENT LAW, PC**
Attorney for PLAINTIFF, JOHNNY TRUONG

**PAYTON EMPLOYMENT LAW, PC**
CALIFORNIA EMPLOYMENT LITIGATION
3807 W. SIERRA HIGHWAY, SUITE 206, ACTON CA 93510

**PLAINTIFF JOHNNY TRUONG'S COMPLAINT**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | FOR COURT USE ONLY<br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE* |
|---|---|
| PLANTIFF: Johnny Truong | |
| DEFENDANT: Lexor Manufacturing, LLC | **Oct 13, 2021**<br><br>Clerk of the Court<br>By: Jessica Duarte, Deputy |
| Short Title: TRUONG VS. LEXOR MANUFACTURING, LLC | |
| **NOTICE OF HEARING<br>CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01225701-CU-WT-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>04/18/2022</u> at <u>08:30:00 AM</u> in Department <u>C23</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

**QUAN TRỌNG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court, By: _____ , Deputy

---

**NOTICE OF HEARING**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** TRUONG VS. LEXOR MANUFACTURING, LLC

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>**30-2021-01225701-CU-WT-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 10/13/2021. Following standard court practice the mailing will occur at Sacramento, California on 10/14/2021.

Clerk of the Court, by: _____ , Deputy

PAYTON EMPLOYMENT LAW, PC
3807 WEST SIERRA HIGHWAY # 206
ACTON, CA 93510

EMPLOYMENT RIGHTS LAW FIRM
700 S FLOWER STREET # 1000
LOS ANGELES, CA 90017

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 2

V3 1013a (June 2004)

Code of Civil Procedure , § CCP1013(a)

Case 8:21-cv-01943 Document 1-4 Filed 11/24/21 Page 29 of 40 Page ID #:33

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Chantal M. Payton, Esq, SBN 293215<br>3807 W. Sierra Highway, Suite 206<br><br>Acton, CA, 93510<br>TELEPHONE NO.: (661) 434-1144     FAX NO. *(Optional):* (661) 434-1144<br>E-MAIL ADDRESS *(Optional):* CPayton@PaytonEmploymentLaw.com<br>ATTORNEY FOR *(Name):* Plaintiff- Johnny Truong | *FOR COURT USE ONLY* |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange County<br>STREET ADDRESS: 700 Civic Center Drive<br>MAILING ADDRESS: Same<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central Justice Center | |
| PLAINTIFF/PETITIONER: Johnny Truong<br><br>DEFENDANT/RESPONDENT: Lexor Manufacturing, LLC | CASE NUMBER:<br>30-2021-01225701-CU-WT-CJC |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* Notice of Hearing Case Management Conference, Clerks Certificate of Service by Mail

3. a. Party served *(specify name of party as shown on documents served):*
      Lexor Manufacturing, LLC

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Hanson Truong- Agent for Service

4. Address where the party was served:
   7400 Hazard Ave., Westminster, CA 92683

5. I served the party *(check proper box)*
   a. ☒ **by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party** (1) on *(date):* 10-28-21     (2) at *(time):* 10:15 AM
   b. ☐ **by substituted service. On** *(date):*     at *(time):*     I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*     from *(city):*     **or** ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: Johnny Truong | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Lexor Manufacturing, LLC | 30-2021-01225701-CU-WT-CJC |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                                (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* Lexor Manufacturing, LLC
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☒ other: Limited Liability Corproation |

7. **Person who served papers**
  a. Name: Mike Pytel
  b. Address: PO Box 7976, La Verne, CA 91750
  c. Telephone number: 909-392-2238
  d. **The fee** for service was: $ 125.00
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ a registered California process server:
      (i) ☒ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.: 2012250106
      (iii) County: Los Angeles

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: October 28, 2021

Mike Pytel
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

**PROOF OF SERVICE OF SUMMONS**

**Raychael Urquidi**

| | |
|---|---|
| **From:** | admin=aws.firstlegal.com@firstconnect.firstlegal.com on behalf of admin@aws.firstlegal.com |
| **Sent:** | Monday, November 29, 2021 4:43 PM |
| **To:** | Raychael Urquidi; Alison Copeland; Jeff Cohon |
| **Subject:** | First Legal Order Submitted - 4829640 - Truong vs. Lexor Manufacturing, LLC - 30-2021-01225701-CU-WT-CJ |

First Connect eFile Order Confirmation                    View in First Connect





# Your eFiling Has Been Submitted!

This confirms your order to eFile the below document(s) has been submitted to the court.

Once your eFile order has been reviewed you will receive a status update with details stating if your documents were Accepted, Partially Accepted or Rejected by the Clerk, followed by your conformed or received copy(s) or else rejection notice.

| **First Legal Control #:** | **4829640** |
|---|---|

| | |
|---|---|
| Court | Orange Civil |
| Case Number | 30-2021-01225701-CU-WT-CJ |
| Case Name | Truong vs. Lexor Manufacturing, LLC |

| | |
|---|---|
| Client Matter | LEXOR |
| Portal Reference Number | 5226981-01 |
| Court Transaction / Envelope Number(s) | CMSSYNC_31091179 |
| Submitted On | 2021-11-29 16:32 |

**Document(s):**

ANSWER OF DEFENDANT LEXOR MANUFACTURING, LLC TO THE UNVERIFIED COMPLAINT OF PLAINTIFF JOHNNY TRUONG

**Additional Instructions**

N/A

Should you have any questions, please contact Client Care and Success at 877.350.8698, email clientcare@firstlegal.com or you can log in and manage your cases and orders in First Connect.

Thank you for using First Legal.



**First Legal**
**800.889.0111**



© Copyright 2021, First Legal. All rights reserved. Terms of Use and Privacy Policy. Private Investigator Licenses: CA PI: 24171 AZ PI: 1551710 NV PI-PS: 1452

1   JEFFREY M. COHON, ESQ. (CSBN 131431)
**LAW OFFICES OF JEFFREY M. COHON,**
2   **A PROFESSIONAL CORPORATION**
10940 Wilshire Boulevard, Suite 600
3   Los Angeles, California 90024
Tel: (310) 231-4470| Fax: (310) 231-4610
4   Email:  jcohon@cohonlaw.com

5

6   George Woolverton, Esq. (California State Bar No. 68075)
Thanh H. Ho, Esq. (California State Bar No. 328312)
7   **STOCKWELL, HARRIS, WOOLVERTON & HELPHREY**
3580 Wilshire Blvd., 19th Floor
8   Los Angeles, California 90010-2532
Tel: (323) 935-6669
9   Email: Thanh_Ho@shwhlaw.com

10   *Attorneys for Defendant*
*Lexor Manufacturing, LLC*

11

12   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13   **FOR THE COUNTY OF ORANG – CENTRAL JUSTICE CENTER**

| | |
|---|---|
| 14   JOHNNY TRUONG, an individual,   ) | Case No. 30-2021-01225701-CU-WT-CJC |
| 15           Plaintiff,   ) | Assigned for all purposes to the Honorable |
| 16         vs.   ) | Derek W. Hunt – OCSC Dept C23 |
| 17   LEXOR MANUFACTURING, LLC, a California ) | **ANSWER OF DEFENDANT LEXOR** |
| 18   Limited Liability Company; DOES 1-10, business ) entities, forms unknown; DOES 11-20, ) | **MANUFACTURING, LLC TO THE UNVERIFIED COMPLAINT OF** |
| 19   individuals; and DOES 21-30, inclusive,   ) | **PLAINTIFF JOHNNY TRUONG** |
| 20         Defendants.   ) | Filed: October 1, 2021 |

21

22

23

24         Defendant LEXOR MANUFACTURING, LLC ("Defendant"), for itself alone, answers and

25   otherwise responds to the unverified Complaint of Plaintiff JOHNNY TRUONG as follows:

26   / / /

27   / / /

28

1

**ANSWER OF DEFENDANT LEXOR MANUFACTURING, LLC TO COMPLAINT OF PLAINTIFF JOHNNY TRUONG**

Pursuant to the provisions of <u>California Code of Civil Procedure</u>, Section 431.30(d), Defendant denies generally and specifically each and every allegation of the Complaint, and the whole thereof, including each and every purported cause of action contained therein;

Further answering the Complaint, Defendant denies that Plaintiff has sustained or will sustain any injury, damage, or loss by reason of any act or omission on the part of Defendant or its agents.

**FIRST AFFIRMATIVE DEFENSE**

The allegations of the Complaint, and each and every purported cause of action contained therein, fail to allege facts sufficient to state a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint, and each and every alleged cause of action contained therein, is barred by each and every applicable statute of limitations, including, but not limited to, California *Code of Civil Procedure* Sections 204, 335.1, 337 subd. (1), 338, 339 subd. (1), 340, 340(a) and 343 and *Government Code* Section 12960.

**THIRD AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint, and to each cause of action contained therein, Defendant alleges that each purported cause of action alleged is uncertain.

**FOURTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendant alleges that Plaintiff's claims are barred by the economic loss doctrine.

**FIFTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendant alleges that Plaintiff has not suffered an injury in fact and/or lost money or property as a result of any alleged conduct.

**SIXTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendant alleges that Plaintiff's claims are barred or must be reduced by the doctrine of laches.

2

**SEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendant alleges that Plaintiff has failed to make reasonable efforts to mitigate the alleged damages he claims to have suffered.

**EIGHTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendant alleges that Defendant's actions with respect to the subject matters alleged in the Complaint were undertaken in good faith, in the absence of intent to injure Plaintiff, constituted lawful, proper acts and/or were privileged pursuant to California law.

**NINTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendant alleges that Plaintiff's claims are barred or limited based on judicial estoppel and inconsistent positions taken by Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendant alleges that without conceding that any act of Defendant caused damage to the Plaintiff or any other person in any respect, Defendant is entitled to offset and recoup against any judgment that may be entered for the Plaintiff for all obligations of the Plaintiff owing to Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendant alleges that as a result of the acts and omissions in the matters relevant to this Complaint, Plaintiff has unclean hands and is therefore barred from asserting any claims against Defendant.

/ / /

/ / /

/ / /

**TWELFTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendant alleges that Plaintiff's claims are barred or must be reduced by the doctrine of consent.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendant alleges that Plaintiff's claims are barred or must be reduced by the doctrine of waiver.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendant alleges that Plaintiff's claims are barred or must be reduced by the doctrine of estoppel.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint, and to each cause of action contained therein, Defendant alleges that the after-acquired evidence bars and/or limits the amount of damages Plaintiff can recover on his claims, if any.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendant alleges that public policy considerations bar the claims in Plaintiff's Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendant alleges that Plaintiff's claims are barred or must be reduced by the doctrine of avoidable consequences.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendant alleges that to the extent that Plaintiff claim punitive damages, such

1 claims must comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408

2 (2003) and subsequent case law on the same issue.

3 <u>**NINETEENTH AFFIRMATIVE DEFENSE**</u>

4     As a separate and distinct affirmative defense to the Complaint and to each cause of action

5 contained therein, Defendant alleges that the Complaint fails to properly state a claim for attorney's

6 fees.

7 <u>**TWENTIETH AFFIRMATIVE DEFENSE**</u>

8     As a separate and distinct affirmative defense to the Complaint and to each cause of action

9 contained therein, Defendant alleges that the Complaint fails to properly state a claim for injunctive

10 relief.

11 <u>**TWENTY-FIRST AFFIRMATIVE DEFENSE**</u>

12     As a separate and distinct affirmative defense to the Complaint and to each cause of action

13 contained therein, Defendant alleges that Plaintiff is not entitled to equitable relief as he has an

14 adequate remedy at law.

15 <u>**TWENTY-SECOND AFFIRMATIVE DEFENSE**</u>

16     As a separate and distinct affirmative defense to the Complaint and to each cause of action

17 contained therein, Plaintiff's claims are barred by the doctrine of res judicata and/or collateral

18 estoppel.

19 <u>**TWENTY-THIRD AFFIRMATIVE DEFENSE**</u>

20     As a separate and distinct affirmative defense to the Complaint, and to each cause of action

21 contained therein, Defendant alleges that Plaintiff has failed to exhaust the administrative remedies

22 under the FEHA, Government Code §12900, et seq.

23 <u>**TWENTY-FOURTH AFFIRMATIVE DEFENSE**</u>

24     As a separate and distinct affirmative defense to the Complaint, and to each cause of action

25 contained therein, Defendant is not liable under the doctrine of "manager's privilege."

26 / / /

27 / / /

28

1    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2    As a separate and distinct affirmative defense to the Complaint, and to each cause of action

3    contained therein, Defendant had legitimate and non-discriminatory business reasons for any actions

4    they took with respect to Plaintiff.

5    **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

6    As a separate and distinct affirmative defense to the Complaint, and to each cause of action

7    contained therein, Defendants allege that the after-acquired evidence bars and/or limits the amount

8    of damages Plaintiffs can recover on their claims, if any.

9    **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

10   As a separate and distinct affirmative defense to the Complaint and to each cause of action

11   contained therein, Defendant alleges that Plaintiff is exempt from California state laws and

12   regulations pertaining to the payment of overtime wages.

13   **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

14   As a separate and distinct affirmative defense to the Complaint and to each cause of action

15   contained therein, Defendant alleges that Plaintiff is exempt from California state laws and

16   regulations requiring employers to furnish meal periods.

17   **TWENTY-NINTH AFFIRMATIVE DEFENSE**

18   As a separate and distinct affirmative defense to the Complaint and to each cause of action

19   contained therein, Defendant alleges that Plaintiff is exempt from California state laws and

20   regulations requiring employers to furnish paid rest periods.

21   **THIRTIETH AFFIRMATIVE DEFENSE**

22   As a separate and distinct affirmative defense to the Complaint and to each cause of action

23   contained therein, Defendant alleges that Plaintiff was timely paid all wages, but in any event,

24   Plaintiff is not entitled to waiting time penalties under California Labor Code section 203, as any

25   alleged failure to pay wages allegedly due Plaintiff in a timely manner was not harmful, deliberate

26   or willful within the meaning of the statute.

27   / / /

28

6

## THIRTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendant alleges that Plaintiff has not suffered an injury in fact and/or lost money or property as a result of any alleged unlawful business practices or the manner in which Defendant provided Plaintiff with wage statements or maintained wage statements.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendant alleges that the exceptions to California Labor Code Section 226 set forth in California Labor Code Section 226 (j) apply.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendant alleges that to the extent Plaintiff seeks statutory penalties for alleged willful failure to comply with the requirements of the California Labor Code, such penalties are barred or must be reduced because Defendant did not willfully, knowingly, and intentionally violate the requirements of California Labor Code Section 226(a) or any other Labor Code Section.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendant alleges that the Complaint and every cause of action set forth therein cannot be maintained because, without admitting any that violation took place, Defendants allege that any alleged violation of the California Labor Code or of a Wage Order of the Industrial Welfare Commission was an act or omission made in good faith, and that in any participation in such acts, Defendant had reasonable grounds for believing that the act or omission was not a violation of the California Labor Code or of a Wage Order of the Industrial Welfare Commission.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to each cause of action contained therein, Defendant states that they do not presently know all facts concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time.  Defendant will seek leave of court

1    to amend this Answer should it later discover facts demonstrating the existence of additional

2    affirmative defenses.

3        **WHEREFORE**, this answering Defendant prays for relief as follows:

4        1.  Plaintiff take nothing from Defendant on the Complaint;

5        2.  For reasonable attorneys' fees to Defendant;

6        3.  For costs of suit incurred herein to Defendant;

7        4.  For such other and further relief as this Court deems just and proper.

8    DATED: November 29, 2021       **LAW OFFICES OF JEFFREY M. COHON, APC**

9                           **STOCKWELL, HARRIS, WOOLVERTON & HELPREY**

12             By: _____

13                   JEFFREY M. COHON

14                   Attorneys for Defendant
Lexor Manufacturing, LLC

## PROOF OF SERVICE

*Superior Court of California, County of Orange*
*Central Justice Center*
*Case No. 30-2021-01225701-CU-WT-CJC*

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 10940 Wilshire Boulevard, Suite 600, Los Angeles, California 90024.

On **November 29, 2021**, I served the foregoing document described as **ANSWER OF DEFENDANT LEXOR MANUFACTURING, LLC TO THE UNVERIFIED COMPLAINT OF PLAINTIFF JOHNNY TRUONG**

☐  OFFICE MAIL:  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☒  ELECTRONIC SERVICE:  I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

Chantal McCoy Payton, Atty at Law
**PAYTON EMPLOYMENT LAW, PC**
3807 Sierra Highway, Suite 206
Acton, California 93510

Tel.: (661) 434-1144
Fax: (661) 434-1144
Email:
CPayton@PaytonEmploymentLaw.com

Payam Aframian, Esq.
**EMPLOYMENT RIGHTS LAW FIRM**
700 S. Flower Street, Suite 1000
Los Angeles, California 90017

Tel: (424) 444-1464
Email:
info@EmploymentRightsLaw
Firm.com

Attorneys for Plaintiff Johnny Truong

I deposited such envelope in the mail at Los Angeles, California.

☒  **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Los Angeles California.

| November 29, 2021 | Raychael Urquidi | *Raychael Urquidi* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

9

ANSWER OF DEFENDANT LEXOR MANUFACTURING, LLC TO COMPLAINT OF PLAINTIFF JOHNNY TRUONG